UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VRAIMENT HOSPITALITY, LLC,

    Plaintiff,

v.                        CASE NO:   8:11-cv-1240-T-33TGW

TODD BINKOWSKI, et al.

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Vraiment Hospitality, LLC's Motion to Enforce Settlement Agreement (Doc. # 24). Defendants filed a Reply thereto (Doc. # 25).

At the July 6, 2011, hearing on Vraiment's Motion for Preliminary Injunction, the parties informed the Magistrate Judge that they believed they were close to reaching a settlement and asked that the Court allow them time to negotiate a settlement agreement. After several hours of negotiations, Vraiment and Defendants entered into a settlement agreement, which fully resolved the case. Upon being informed of the settlement, the Court entered an Order dismissing the case without prejudice to the right of any party to re-open the action within 60 days, upon good cause shown, or to submit a stipulated form of final judgment (Doc.

# 22).

Vraiment now moves this Court, within the 60-day period, to enforce the settlement agreement. This Court, however, is without jurisdiction to enforce the settlement agreement because it did not retain jurisdiction over the settlement agreement nor incorporate the terms of the settlement agreement in the order. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994).

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

Id. at 381. As such, enforcement of the settlement agreement is left for the state courts. Id. at 382. The Court, however, construes the motion as one to re-open the case in the alternative.[1]

---

[1] In its motion, Vraiment requests that the Court reopen the case, but only in the context of conducting an evidentiary

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Vraiment Hospitality, LLC's Motion to Enforce Settlement Agreement (Doc. # 24) is **DENIED.**

(2) The Clerk is directed to re-open the case.

(3) The parties are directed to contact the chambers of the Honorable Thomas G. Wilson to schedule a continuation of the hearing on the motion for preliminary injunction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of September, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record

---

hearing on Defendants' failure to comply with the settlement agreement. See Doc. # 24 at 4-5.

3